UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CRIMINAL NO. 24-CR-125 (ACR)** |
| v. | |
| **HERNAN GEOVANI OJEDA ELENES,** also known as "Inge," | |
| **Defendant.** | |

## GOVERNMENT'S MOTION FOR PRE-TRIAL DETENTION

The United States respectfully moves to detain the Defendant, Hernan Geovani Ojeda Elenes pending trial, pursuant to 18 U.S.C. § 3142(e)(1). The Defendant was involved in a sophisticated drug trafficking organization ("DTO") that manufactured and transported significant quantities of fentanyl for sale and distribution into the United States. The Defendant is charged with drug trafficking offenses that carry a presumption that no condition or combination of conditions will sufficiently guarantee the Defendant's presence in court and protect the safety of the community. Further, the Defendant faces significant jail time for his serious offenses, including a mandatory minimum sentence of ten years; may have access to a criminal network within the United States and large amounts of untraceable drug proceeds; and has no immigration status in the United States and is subject to an immigration detainer. Accordingly, the Defendant presents a serious risk of flight and danger to the community that cannot be mitigated by any condition or combination of conditions and should be detained pending trial.

## BACKGROUND

On March 12, 2024, a grand jury sitting in the District of Columbia returned a two-count Indictment against the Defendant, charging him with (1) conspiring to manufacture and distribute four hundred (400) grams or more of fentanyl, a Schedule II substance, intending, knowing, and having reasonable cause to believe that the fentanyl would be unlawfully imported into the United

1

States, in violation of 21 U.S.C. §§ 959(a), 960, and 963, and (2) conspiring to distribute List I chemicals, that is 4-Piperidone and N-Phenylpiperidin-4-amine, intending and knowing that such chemicals would be used to manufacture fentanyl and intending, knowing, and having reasonable cause to believe that the fentanyl would be unlawfully imported into the United States, in violation of 21 U.S.C. §§ 959(b), 960, and 963. That same day, the U.S. District Court for the District of Columbia issued an arrest warrant for the Defendant based on the Indictment.

The Indictment is the product of an extensive investigation conducted by the Drug Enforcement Administration ("DEA") and Homeland Security Investigations ("HSI") into a narcotrafficking group operating in Mexico and the United States, which uses precursor chemicals to manufacture fentanyl for importation from Mexico into the United States for distribution. The evidence at trial will show that from in or around September 2019 through March 2024, the Defendant conspired with others to distribute fentanyl, knowing, intending, and having reasonable cause to believe that it would be imported into the United States, as well as distribute List I chemicals knowing they would be used to manufacture fentanyl and knowing, intending, and having reasonable cause to believe that the fentanyl would be imported into the United States.

If this case proceeds to trial, the evidence to be introduced at trial will include testimony from cooperating witnesses with direct knowledge of the Defendant's and his co-conspirators' drug trafficking activities, electronic communications, and seizures of large quantities of fentanyl and fentanyl precursor chemicals by law enforcement authorities. This evidence will establish that, during the relevant time period, the Defendant and his co-conspirators procured chemicals used to

manufacture fentanyl, manufactured fentanyl in Mexico, and transported that fentanyl to the United States for further distribution.

During the conspiracy, the Defendant had a significant role in the manufacturing and trafficking of significant quantities of fentanyl. The Defendant coordinated the receipt of precursor chemicals in Mexico, used those chemicals to manufacture fentanyl, and worked with other members of his DTO, which included members of his family, to have that fentanyl transported from Mexico into the United States for sale and distribution. The sheer amount of fentanyl imported into the United States by the Defendant's DTO (which the Government estimates to be approximately 1,000 kilograms of fentanyl a month based on, among other things, cooperating witness testimony) is staggering.

The Defendant is a Mexican national with no known ties to the United States.[1] He was expelled from Mexico into the United States and has no valid visa to remain here. An Immigration and Customs Enforcement detainer is in place if Defendant is released from the custody of the U.S. Marshal's Service.

## LEGAL STANDARDS

Under the Bail Reform Act, 18 U.S.C. §§ 3141 *et seq.*, courts must order a defendant's pre-trial detention upon determining that "no condition or combination of conditions would reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(e)(1), (f). "In common parlance, the relevant inquiry is whether the defendant is a 'flight risk' *or* a 'danger to the community.'" *United States v. Vasquez-Benitez*, 919 F.3d 546, 550 (D.C. Cir. 2019) (emphasis added); *see also* 18 U.S.C. § 3142(c)(1) ("If the judicial officer determines that the release . . . will not reasonably assure the appearance of the

---

[1] The Defendant's father and brother are currently in U.S. custody.

person as required *or* will endanger the safety of any other person or the community . . . ." (emphasis added). The Government bears the burden of establishing a defendant's danger to the community by clear and convincing evidence, but the Government need only prove the Defendant poses a flight risk by a preponderance of the evidence. *United States v. Munchel*, 533 F. Supp. 3d 1, 8 (D.D.C. 2021) (dangerousness); *Vasquez-Benitez*, 919 F.3d at 551 (flight risk).

Moreover, when the court finds that there is probable cause to believe that a defendant committed an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act or Controlled Substances Import and Export Act, that finding triggers a rebuttable presumption that no condition or combination of conditions can reasonably assure the defendant's appearance and the safety of others. 18 U.S.C. § 3142(e)(3). In making the final determination as to whether a defendant should be detained pending trial, the court must take into account: (1) the nature and circumstances of the offense charged; (2) the weight of evidence against the person; (3) the history and characteristics of the person; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release. 18 U.S.C. § 3142(g).

## ARGUMENT

The Defendant should be detained while awaiting trial because he poses a serious flight risk and is a danger to the community.

**I.    There Is a Rebuttable Presumption that Defendant Is Dangerous and a Flight Risk**

The Court should begin its analysis with the presumption that no condition or combination of conditions will reasonably assure the Defendant's appearance or the safety of the community. The Indictment alleges that the Defendant conspired to distribute four hundred grams or more of fentanyl for unlawful importation into the United States, in violation of 21 U.S.C. §§ 959(a),

960(a)(3), 960(b)(1)(F), and 963 —an offense that carries a mandatory minimum sentence of ten years' imprisonment and a maximum possible sentence of life imprisonment. The Indictment further alleges that Defendant conspired to distribute List I chemicals intending and knowing that such chemicals would be used to manufacture fentanyl and intending, knowing, and having reasonable cause to believe that the fentanyl would be unlawfully imported into the United States, in violation of 21 U.S.C. §§ 959(b), 960, and 963 – which carries a maximum sentence of twenty years' imprisonment. These charges qualify as presumption offenses under 18 U.S.C. § 3142(e)(3)(A). Accordingly, there is a rebuttable presumption that the Defendant is both dangerous and a flight risk.

**II.     All Four Factors Under 18 U.S.C. § 3412(g) Weigh in Favor of Pre-Trial Detention**

The Defendant cannot overcome the rebuttable presumption in favor of pretrial detention. Pursuant to 18 U.S.C. § 3412(g), the Court should consider four factors in determining if there are conditions of release that will reasonably assure the appearance of a defendant and the safety of the community. All four factors weigh heavily against the Defendant's release.

    a.   <u>The Nature and Circumstances of the Offenses Charged</u>

The Defendant conspired to distribute fentanyl for importation into the United States, and acted in a leadership capacity in furtherance of that conspiracy. As a result of his conduct, he faces a significant penalty, with a mandatory minimum sentence of ten years' imprisonment and maximum term of life imprisonment on Count One and a maximum sentence of twenty years imprisonment on Count Two. Based on the amount of fentanyl attributable to him, the Defendant faces a base offense level under the U.S. Sentencing Guidelines of 38 and enhancements,

including, for being a manager or supervisor and for maintaining a premises. So, the Defendant could face a Sentencing Guidelines range of life imprisonment.

The nature of the charges and the severe penalties the Defendant faces underscore both his flight risk and dangerousness. *See* 18 U.S.C. § 3142(g)(1) (court should consider whether the offense is a crime of violence or involves a controlled substance, firearm, explosive, or destructive device); *United States v. Hong Vo*, 978 F. Supp. 2d 41, 43 (D.D.C. 2013) (holding that serious nature of offenses and punishments Congress provided for those offenses gave the defendant substantial incentive to flee); *United States v. Anderson*, 384 F.Supp.2d 32, 36 (D.D.C. 2005) (holding the gravity of the offenses and the potential prison term create a considerable incentive for the defendant to flee).[2]

   b.  <u>The Weight of the Evidence Against the Defendant</u>

The weight of the evidence against the Defendant also weighs heavily in favor of his pretrial detention. The Government's evidence includes testimony from multiple cooperating witnesses, including those with direct knowledge of the Defendant's and his DTO's drug trafficking activities, electronic communications, and multiple seizures of fentanyl and fentanyl precursor chemicals by law enforcement authorities, all of which have been linked to the Defendant and his DTO. The evidence is comprehensive, varied, and substantial. This evidence

---

[2] Indeed, courts have recognized that Congress created a rebuttable presumption in favor of pretrial detention because Congress found "based on extensive testimony, that flight to avoid prosecution is particularly high among those charged with major drug offenses." *United States v. Martir*, 782 F.2d 1141, 1144 (2d Cir. 1985); *United States v. Alatishe*, 768 F.2d 364 at 370 n.14 (D.C. Cir. 1985) (rebuttable presumption for serious drug trafficking offenses included because "the extremely lucrative nature of drug trafficking, and the fact that drug traffickers often have established substantial ties outside the United States from whence most dangerous drugs are imported into the country," means that "these persons have both the resources and foreign contacts to escape to other countries with relative ease in order to avoid prosecution for offenses punishable by lengthy prison sentences") (quoting S.Rep. No. 225, 98th Cong., 1st Sess. 20 (1983), U.S.Code Cong. & Admin.News 1984, p. 3203).

not only demonstrates Defendant's dangerousness, *see United States v. Vergara*, 612 F. Supp. 2d 36, 38 (D.D.C. 2009) ("After considering that the alleged offense is serious and that the government's evidence is strong, the Court concludes that Gutierrez Vergara's release would pose an unreasonable danger to the community despite any conditions that could be placed on her during her release.") but it also shows that Defendant has considerable incentive to flee, *see United States v. Chansley*, 525 F. Supp. 3d 151, 170 (D.D.C. 2021) ("The overwhelming weight of the evidence may further prompt defendant to flee and thus weighs in favor of pre-trial detention.").

    c. <u>The History and Characteristics of the Person</u>

The Defendant is a Mexican national with no known ties to the District of Columbia or the United States.[3] He maintains strong familial and criminal connections in Mexico and likely has significant resources at his disposal through his criminal activities, including substantial drug proceeds in the form of untraceable cash. The Defendant was expelled by Mexico to the United States solely for the purpose of this federal prosecution, and a U.S. Immigration and Customs Enforcement detainer is in place should he be released from the custody of the U.S. Marshals Service. Given that he has no legitimate reason to remain in the country beyond this criminal case, he presents a significant risk of flight if released. Coupled with the fact that the Defendant could face a life sentence, as discussed above, there is a high likelihood that the Defendant would flee if he were not detained pending trial.

    d. <u>The Nature and Seriousness of the Danger to Others</u>

At trial, the Government anticipates presenting substantial evidence that the Defendant's ultimate objective was to profit from the manufacturing and importation of large quantities of fentanyl, a highly addictive and dangerous drug, into the United States. His criminal conduct poses

---

[3] The Defendant's father and brother are currently in U.S. custody.

a clear and serious threat to the health and safety of the American public. If released, the Defendant has both the resources and the network to flee to his home country and to resume his criminal activities. Accordingly, his release would pose a significant danger to the community.

## CONCLUSION

The relevant inquiry for the Court is whether there are conditions that can be placed upon the Defendant that will reasonably assure the Defendant's appearance at future court proceedings and the safety of the community. There are none. The United States respectfully requests that the Court detain the Defendant pending trial.

Respectfully submitted Thursday, January 22, 2026.

        MARGARET A. MOESER
        Chief
        Money Laundering, Narcotics
        and Forfeiture Section
        Criminal Division
        U.S. Department of Justice

By:    */s/ Erik Cervantes*
        Erik Cervantes
        Trial Attorney
        Money Laundering, Narcotics
        and Forfeiture Section
        Criminal Division
        U.S. Department of Justice
        1400 New York Avenue
        Washington, D.C. 20530
        (202) 445-9673
        Email: Erik.cervantes@usdoj.gov

## CERTIFICATE OF SERVICE

      I hereby certify that a copy of the foregoing was served via ECF to counsel of record, on Thursday, January 22, 2026.

                              By:      */s/ Erik Cervantes*
                                          Erik Cervantes
                                          Trial Attorney
                                          Money Laundering, Narcotics
                                          and Forfeiture Section
                                          Criminal Division
                                          U.S. Department of Justice